UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY,<br><br>Defendants. | Case No. 2:15-cv-01420–APG–CWH<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>(ECF No. 8) |

Travelers Property Casualty Company sued Amica Mutual Insurance Company for contribution, alleging that Amica failed to pay its share of a settlement that Travelers paid on behalf of Travelers and Amica's coinsured, Steven Barr. Amica moves to dismiss, arguing that Travelers' contribution claim is time-barred and the provisions of Travelers' policy with Barr render Travelers the primary insurer for the underlying accident. Travelers' complaint is timely, and Travelers has plausibly alleged a claim against Amica. I therefore deny Amica's motion to dismiss.

I.      **BACKGROUND**

Barr works for Huron Consulting Group. ECF No. 1 at ¶ 11. In 2009, he traveled to Las Vegas and rented a car from Avis through a special Rate Agreement between Huron and Avis. *See id.* at ¶¶ 10, 11. He was involved in a car accident while driving the rental car, which resulted in a lawsuit against him and Huron that settled for $1 million. *Id.* at ¶¶ 19, 20, 23. Avis funded $100,000 of the settlement and Travelers (Huron's insurer) funded the remaining $900,000 on behalf of Huron and Barr. *Id.* at ¶¶ 25, 28. Amica, which provides Barr coverage for his personal vehicle, refused to contribute to the settlement. *Id.* at ¶ 29.

Travelers sued Amica for contribution and declaratory relief, asserting that the terms of the Rate Agreement, the Travelers policy, and the Amica policy require Amica to pay an

equitable share of the settlement. *Id.* at ¶¶ 50, 54.  Amica moves to dismiss, arguing that the contribution claim is time-barred and the terms of the Travelers policy render it the primary policy for any liability assumed under the Rate Agreement. ECF No. 8 at 4, 8.

## II.   ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Amica contends that Travelers' lawsuit is time-barred by Nevada Revised Statute §17.285(3), which states that a contribution claim "must be commenced within 1 year after the judgment has become final."  Travelers responds that its claim is governed by N.R.S. §11.190(1)—which provides for a six-year limitations period for claims based on a written contract—because the parties are litigating rights under various insurance policies.

### A.   Rule 12(d)

Travelers initially argues that Amica converted its motion to dismiss into a motion for summary judgment by introducing the date of the settlement, which is a matter outside the pleadings.  I am generally prohibited from considering matters outside the pleadings when ruling on a motion to dismiss. Fed. R. Civ. P. 12(d); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).  However, exceptions exist if the complaint relies on the extraneous matter and its authenticity is unquestioned or if the matter is subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  In arguing that Travelers' lawsuit is time barred, Amica offers two matters outside the pleadings: a Stipulation and Order of

Dismissal that was date-stamped April 15, 2014 and Travelers' demand letter to Amica stating that the underlying lawsuit was settled on February 27, 2014. ECF No. 8 at 6. This lawsuit is predicated on an alleged right to contribution that arose because of the settlement. *See* ECF No. 1 at ¶ 23. Travelers does not dispute the authenticity of Amica's documents. Attaching the documents to the motion does not convert it to a motion for summary judgment.

### B. Statute of Limitations

The parties disagree about which statute of limitation governs Travelers' contribution claim. Amica contends that N.R.S. §17.285(3) applies, which states: "If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by the tortfeasor to enforce contribution must be commenced within 1 year after the judgment has become final by lapse of time for appeal or after appellate review." Travelers contends that N.R.S. §11.190(1)(b) applies, which provides a six-year limitation period for "[a]n action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter."

Neither of those statutes applies. Section 17.285(3) does not apply because Travelers is not a "tortfeasor." Amica argues that §17.275 places Travelers in Barr's shoes and thus renders it a tortfeasor. That section states, "[a] liability insurer, who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer, is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's equitable share of the common liability." N.R.S. §17.275. Because Travelers paid Huron and Barr's part of the liability, Amica assert that Travelers stepped into Huron and Barr's shoes and is considered the tortfeasor.

Although intuitively appealing, Amica's argument is incorrect. If Travelers is exercising Barr's rights as subrogee and standing in Barr's shoes, Barr would not be seeking contribution against his insurer, Amica. Rather, Barr would be asserting a claim of breach of contract (and possibly bad faith) for Amica's failure to provide a defense and pay the liability amount.

More importantly, the Supreme Court of Nevada has held that §17.285(3) applies only to

those contribution claims "where a judgment has been entered in an action against two or more tortfeasors...." *Saylor v. Arcotta*, 225 P.3d 1276, 1279 (Nev. 2010); *see also Everest Nat'l Ins. Co. v. Evanston Ins. Co.*, No. 2:09-cv-02077-RLH-PAL, 2010 WL 3718832 at *3 (D. Nev. 2010) (same). The language of N.R.S. §17.285 confirms that, as the entire statutory section discusses contribution among two or more tortfeasors. The present case does not involve contribution between two tortfeasors; thus §17.285(3) does not apply. *Everest*, 2010 WL 3718832 at *3.

Nor is Travelers correct in relying on N.R.S. §11.190(1)(b). That statute states that "[a]n action upon a contract, obligation or liability founded upon an instrument in writing" is subject to a six-year limitation period. But Travelers is not asserting a contract claim against Amica. No contract binds them. Even if the various contracts limit the amount Travelers could recover for its claim, those contracts do not give rise to Travelers' right to seek contribution. The right to seek contribution arises from a judgment against two or more tortfeasors and a payment by one tortfeasor that exceeds his or her equitable share. *Saylor*, 225 P.3d at 1279 (citation and internal quotation marks omitted). Again, that is not the case here.

Rather, when two insurers provide coverage to the same insured for the same risk, the insurer who pays first may maintain an action for equitable contribution against the other insurer. *Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264, 1267 (9th Cir. 2010); *Am. States Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, 202 Cal. App. 4th 692, 700, 135 Cal. Rptr. 3d 177 (2012).[1] Equitable contribution is implied by law and designed to prevent the potentially unfair result that would occur if the company to pay first were left to cover the entire loss. *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1296, 77 Cal. Rptr. 2d 296, 306 (1998). The underlying principle is that "each [insurer] pays its fair share and one does not profit at the expense of the others." *Id.* (citations omitted).

---

[1] Because this dispute is before the court under diversity jurisdiction, my analysis is governed by Nevada insurance law. *See Eichacker v. Paul Revere Life Ins. Co.*, 354 F.3d 1142, 1145 (9th Cir. 2004). "Where Nevada law is lacking, its courts have looked to the law of other jurisdictions, particularly California, for guidance." *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996).

Because a claim for equitable contribution is implied by law, the applicable statute of limitations is for "an action not founded on an instrument in writing." *Am. States Ins. Co.*, 202 Cal. App. 4th at 698, 135 Cal. Rptr. 3d at 181. In Nevada, "[a]n action upon a contract, obligation or liability not founded upon an instrument in writing" is subject to a four-year limitation period. N.R.S. §11.190(2)(c). Here, Travelers paid the settlement between February 27, 2014 and April 15, 2014 and commenced this action on July 27, 2015. Its complaint is therefore timely.

### C. Failure to State a Claim

To state a claim for equitable contribution, an insurer's complaint must plausibly allege that (1) the other insurer shares the same level of obligation, (2) on the same risk, (3) to the same insured. *Fireman's Fund Ins. Co.*, 65 Cal. App. 4th at 1294 n. 4, 77 Cal. Rptr. 2d at 304 n. 4. "As a general rule, there is no contribution between primary and excess carriers of the same insured absent a specific agreement to the contrary." *Id.*

Travelers' complaint alleges facts supporting each element. Both policies provide Barr with excess coverage for "any covered 'auto' you don't own," which includes the vehicle he rented from Avis. *See* ECF No. 1 at ¶¶ 26, 33, 35, 45; *see also* ECF No. 1-2 at 26 (stating that the Travelers policy provides excess coverage under its "other insurance" clause); ECF No. 1-3 at 7 (stating that the Amica policy provides excess coverage under its "other insurance" clause).

The question is whether both insurers share the same level of obligation. Amica argues that Travelers' policy renders Travelers the primary insurer for the underlying accident. Travelers responds that it is entitled to contribution "based upon the various contracts," including Avis' Rate Agreement with Huron.

The Travelers policy states: "[r]egardless of the provisions [providing excess coverage under the "other insurance" clause], this Coverage Form's Liability Coverage is primary for any liability assumed under an 'insured contract.'" ECF No. 1-2 at 26, ¶ IV(B)(5)(c). The policy defines an insured contract as "[t]hat part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your 'employees', of any 'auto'."

*Id.* at 28, ¶V(H)(6). "If [, as here,] a provision in an insurance contract is unambiguous, a court will interpret and enforce it according to the plain and ordinary meaning of its terms." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011). Barr rented a car from Avis through the Rate Agreement between Huron and Avis. *See* ECF No. 1 at ¶ 11. Thus, the Rate Agreement is an "insured contract" under the Travelers policy.

It is unclear at present what liability, if any, Huron assumed under the Rate Agreement that would trigger primary coverage under the Travelers policy's paragraph IV(B)(5)(c). The parties have not briefed that issue, and there appear to be questions of fact surrounding that answer. At this stage of the case, dismissal is inappropriate because Travelers has plausible stated a cause of action against Amica.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Amica Mutual Insurance Company's motion to dismiss **(ECF No. 8) is DENIED**.

DATED this 3rd day of June, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE